■ CLAUDIA BECK et al., Infants, by Their Mother and Natural Guardian, CAROLE BECK, et al., Appellants, v. WILLIAM H. TEPLEY et al., Defendants. MILGRAUM & WILLEN, Respondents.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, dated February 22, 1972, as, in granting their motion for substitution of attorneys, fixed the lien of the outgoing attorneys at the percentages provided in their written retainer agreements, based upon a recovery in the causes of action up to the sum of $13,500, the amount of a rejected settlement offer, plus disbursements, payable upon final disposition of the action. Order reversed insofar as appealed from, on the law, without costs, and case remitted to Special Term for further proceedings not inconsistent with the views herein set forth. Under the circumstances herein, the outgoing attorneys may properly elect to have their lien determined on a percentage basis. However, because there is still work to be done in this case and no recovery figures are available, it would be unfair and premature to *presently* fix the outgoing attorneys' fee on such a basis. Therefore, at this time, the outgoing attorneys should be required to elect either to have their lien immediately determined on the basis of a fixed dollar amount, *quantum meruit*, or to take a contingent percentage to be determined at the conclusion of the case (i.e., after settlement or judgment) (*Bradbury* v. *Farber*, 31 A D 2d 824; *Finkelstein* v. *Cauldwell Wingate Co.*, 29 A D 2d 943; *Kern* v. *Karnbach*, 27 A D 2d 954; *Reubenbaum* v. *B. & H. Express*, 6 A D 2d 47). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.